UNITED STATES DISTRICT COURT  
DISTRICT OF MAINE

Docket No. _____

DANIEL A. BROWN,  
of Orneville Township,  
County of Piscataquis  
and State of Maine,

            Plaintiff,

v.

NBM RAIL SERVICES, INC.,  
a Canadian Corporation

            Defendant.

COMPLAINT

     Now comes the PLAINTIFF, by and through his attorney and for his cause of action, states as follows:

**JURISDICTION**

     The jurisdiction of this Court is based upon Title 45 U.S.C. §51, et seq., commonly known as the Federal Employers Liability Act, and Title 49 U.S.C. §20701, et seq. (formerly 45 U.S.C. §231), commonly known as the Federal Locomotive Inspection Act.

**FACTS**

1. Plaintiff, Daniel A. Brown, is a resident of Orneville Township, Piscataquis County, in the State of Maine.

2. The Plaintiff was employed as a truck driver and railroad worker by the Defendant NBM Rail Services, Inc.

3. At all times referenced in this complaint, the Plaintiff was operating within the scope of and in the course of his employment with the Defendant.

4. The Defendant, NBM Rail Services, Inc. is a subsidiary of J.D. Irving Limited with its main office in Saint John, New Brunswick, Canada.

5. That at all times pertinent herein Defendant was a railroad operating as a system of railroads in the State of Maine and in and through the district division wherein this action is filed.

6. Defendant was a common carrier engaged in interstate commerce, and Plaintiff, as an employee of the Defendant, was engaged in interstate commerce.

7. On or about April 17, 2018 Plaintiff was engaged in the course and scope of his duties as a truck driver and railroad worker for the Defendant.

8. On or about April 17, 2018 the Plaintiff was working on the rail repair crew in Massachusetts.

9. The Plaintiff was changing a switch in the rails. The switches have screws that go into the railroad ties. The screws are 8-9 inches long and are thick.

10. Normally a gun is normally used to remove the screw.

11. However, on April 17, 2018 the gun was broken.

12. The Plaintiff's supervisor required Mr. Brown to use a pry bar to pull out the screws.

13. The Plaintiff was prying up a screw. As he jerked on the pry bar, he felt immediate onset of pain and popping in his left wrist.

## COUNT ONE

14. The Plaintiff re-alleges the allegations in paragraphs 1-13.

15. The Defendant negligently failed to provide the Plaintiff with the proper equipment to remove the switch screws.

16. As a proximate result of the negligence aforesaid, Plaintiff was forced to use an improper piece of equipment (the pry bar) and sustained serious injuries to his left wrist, arm and other bodily parts.

17. Because of the negligence of the Defendant's employees aforesaid and the failure of Defendant to provide Plaintiff with a reasonably safe place to work, in violation of 45 U.S.C. §51 and/or Defendant's violation of the Federal Locomotive Inspection Act (49 U.S.C. §20701), Plaintiff sustained severe and disabling injuries to his left wrist/arm.

16. As a direct result of the aforesaid negligence and statutory violations, Plaintiff has suffered and will continue to suffer great bodily harm and mental pain and anguish, permanent impairment and sustained a loss of wages and a permanent diminution of his earning capacity and has been obligated to incur and will incur into the future substantial expenses for medical, hospital, nursing and related care, the exact amount of which Plaintiff is unable to accurately estimate and determine at this time.

17. As a direct result of the aforesaid negligence and statutory violations, Plaintiff suffered and will continue to suffer into the future mental pain and anguish and Plaintiff has sustained and will continue to sustain into the future loss of enjoyment of life.

18. Defendant is vicariously liable for the negligence and statutory violations of its employees.

19. That because of each and all the facts herein Plaintiff has sustained damages in excess of $750,000.

WHEREFORE, Plaintiff demands judgment be entered against the above-named Defendant plus costs for such amounts as are reasonable and fair under the circumstances.

Dated: April 8, 2021

/s/ Kevin M. Noonan
Kevin M. Noonan, Esq.
Attorney for Plaintiffs
Maine Bar ID #3364

McTeague- Higbee, PA
4 Union Park, PO Box 5000
Topsham ME  04086-5000
(207) 725-5581
knoonan@mcteaguehigbee.com